FILED

NOV 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL DELONGIS,

                Petitioner - Appellant,

     v.

DERRICK L. OLLISON, Warden,
Ironwood State Prison,

                Respondent - Appellee.

No. 08-17143

D.C. No. 3:06-cv-04236-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted August 6, 2012
San Francisco, California

Before:     KOZINSKI, Chief Judge, CALLAHAN, Circuit Judge, and
KORMAN, Senior District Judge.[**]

     Michael DeLongis ("DeLongis") was sentenced to 23 years to life for second-

degree murder and corporal injury to a spouse. He appeals the denial of his habeas

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

corpus petition. DeLongis alleges that his due process and fair trial rights were violated by the state trial court's failure to provide voluntary intoxication and mental disorder instructions. He argues that, absent these alleged errors, he would have been convicted of manslaughter, not second degree murder.

Under California law, DeLongis could be convicted of murder if the jury found he killed his wife with implied malice. Cal. Penal Code §§ 187-88. Malice is implied "when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." Cal. Penal Code § 188. Implied malice also exists if the defendant "actually appreciated the risk of his actions." *People v. Superior Court*, 183 Cal. App. 4th 690, 697 (Cal. Ct. App. 2010); *accord Ho v. Carey*, 332 F.3d 587, 592 (9th Cir. 2003).

Even if DeLongis was entitled to the jury instructions, we agree with the district court that the alleged errors didn't have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993) (internal quotation marks omitted). DeLongis's actions and testimony show that he acted with implied malice. The attack was provoked only by his wife insulting him and threatening divorce during an argument. DeLongis testified that he felt hatred when he kicked her down the stairs. His ill-will persisted as she tumbled, and he followed to smash her head into a wall and then repeatedly on the floor. Finally,

2

DeLongis killed his wife by strangling her, understanding that doing so would, in his words, "stop her breathing." Under California law, "'homicide by strangulation indicates malice.'" *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 (9th Cir. 2000) (alterations omitted) (quoting *People v. La Vergne*, 411 P.2d 309, 313 (Cal. 1966)).

Because the alleged instructional errors didn't substantially and injuriously influence the jury's verdict, DeLongis isn't entitled to habeas relief. *Brecht*, 507 U.S. at 638.

**AFFIRMED.**